**UNITED STATES of America,**
**Appellee,**

v.

**Francesco MANSELLI, Defendant–Appellant.**

**No. 04–0051–CR.**

United States Court of Appeals, Second Circuit.

Nov. 10, 2004.

Lisa G. Horwitz, Harry Sandick, Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Frank Handelman, Law Office of Frank Handelman, New York, NY, for Defendant–Appellant.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Francesco Manselli appeals from the judgment and conviction entered after a jury trial in the United States District Court for the Southern District of New York (Patterson, *J.*). Manselli submits that he was denied a fair trial by a question posed to a witness by the trial judge. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm the judgment of the district court.

Where, as here, a defendant has not objected at trial to the error raised on appeal, the district court's challenged action is reviewed for plain error only. *United States v. Walsh,* 194 F.3d 37, 53 (2d Cir.1999). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citation omitted) (alteration in original). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467, 117 S.Ct. 1544 (internal quotation marks omitted) (alteration in original).

Manselli asserts that the trial judge exhibited prosecutorial zeal in posing a question to a witness during trial, thereby denying Manselli his right to a fair trial. "[T]he trial court may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury, so long as it does not step across the line and become an advocate for one side." *United States v. Filani,* 74 F.3d 378, 385 (2d Cir.1996). We are not "to determine whether the trial judge's conduct left something to be desired, or even

whether some comments would have been better left unsaid." *United States v. Pisani,* 773 F.2d 397, 402 (2d Cir.1985). Rather, "[t]he test is whether the jury was so impressed with the judge's partiality to the prosecution that it became a factor in determining the defendant's guilt, or whether it appear[ed] clear to the jury that the court believe[d] the accused is guilty." *United States v. Amiel,* 95 F.3d 135, 146 (2d Cir.1996) (quotation marks and citations omitted) (alteration in original). The defendant has been denied his right to a fair trial and reversal is warranted "where it appears to the jury that the judge believes the accused is guilty." *Filani,* 74 F.3d at 385.

Here, the question posed by the district judge did not show bias or indicate any belief that the defendant was guilty. At trial, Dr. Vincent Leone testified concerning his diagnosis of Manselli as "100 percent disabled." After counsel from both sides had finished examining Leone, the district judge initially excused him, but then called him back to the witness stand and described videotape evidence shown to the jury that depicted Manselli running for a bus, sitting on a bus for extended periods, and bending over without any indication of pain. The district judge asked whether "with that additional information," Dr. Leone would "still be of the opinion that [Manselli] was totally disabled." Leone replied "No." The question was not leading nor was it phrased in adversarial language. Moreover, this question, the only instance of allegedly improper questioning identified by Manselli, takes up less than one page of the transcript. This is much less frequent and much less substantial than questioning that has been found to violate the fair trial right in the past. *See id.* at 382 (holding that defendant was denied right to a fair trial and reversing where "[o]n 16 of the 60 pages of the trial transcript where defendant's testimony appears, his credibility or the theo-

ry of his defense were challenged by inquiries from the presiding judge"); *United States v. Guglielmini,* 384 F.2d 602, 605 (2d Cir.1967) (holding that the defendant was denied right to a fair trial and reversing where "[t]here are few pages of this defendant's [176 pages of] testimony ... which are free of some question by the court, and there are numerous instances where the court took over the cross-examination from the prosecutor for extended periods").

Given the neutral character of the district judge's brief question concerning the videotape, it could not have indicated partiality to the jury, and hence, there was no error.

Accordingly, the district court's judgment is hereby AFFIRMED.